Filed 5/15/13  P. v. Davis CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEREMY A. DAVIS,<br><br>    Defendant and Appellant. | 2d Crim. No. B239808<br>(Super. Ct. No. 2010029929)<br>(Ventura County) |

Jeremy A. Davis appeals from a postjudgment order denying a motion to withdraw his plea (Pen. Code, § 1018)[1] after he pled no contest to oral copulation of an unconscious person (§ 288a, subd. (f)) and was granted probation.  The trial court found that the plea was freely, voluntarily and knowingly entered.  We affirm.

*Facts*

Appellant drank too much at an August 21, 2010 barbecue and decided not to drive home.  Lacy N., a Navy coworker who had no romantic relationship with appellant, let appellant sleep on her couch.  Lacy awoke in the middle of the night to find

---

[1] All statutory references are to the Penal Code.  Section 1018 provides in pertinent part: "On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the [trial] court may . . . , for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted."

appellant orally copulating her.  Lacey pushed him off, ran to the bathroom, and called 911.

Appellant told Ventura Police Officer Jeff Brooke that he fell asleep on the couch and awoke upstairs in Lacey's bedroom.  Appellant admitted that Lacey was asleep and that he orally copulated Lacey for five minutes before she woke up.

*Procedural History*

After Ventura County Deputy Public Defender Randy Tucker was appointed to represent appellant, appellant brought two *Marsden* motions (*People v. Marsden* (1970) 2 Cal.3d 118) because he and Tucker could not agree on how to proceed. Appellant claimed that he was innocent.  Tucker was ready for trial and believed appellant had "a strong defense."[2]

On July 29, 2011, appellant consulted Tucker and signed a written plea agreement providing that he would plead no contest and receive probation.  On October 17, 2011, the trial court relieved Tucker and appointed a conflict defense attorney (CDA) to investigate whether appellant had grounds to withdraw the plea.  At the January 19, 2012 sentencing hearing, the CDA stated that a motion to withdraw the plea would not be made.  (See *People v. Eastman* (2007) 146 Cal.App.4th 688, 699 [substitute counsel not required to make groundless motion to withdraw plea].)

The trial court granted probation plus 314 days county jail with credit for time served.  Appellant filed a notice of appeal and certificate of probable cause stating that he was not given the opportunity explain why he wanted to withdraw his plea.  The motion to withdraw the plea was heard on July 9, 2012 and denied August 7, 2012.  (§ 1018.)  At the hearing, appellant testified that "Mr. Tucker chose a defense that even I could see through. . . .  [¶] . . . [Tucker] continuously said this was the best defense."

---

[2] We have granted appellant's request to unseal page 1 to page 2, line 7 of the March 17, 2011 *Marsden* hearing transcript.  (Cal. Rules of Court., rule 8.328(b)(4).)  Appellant asserts that the other portions of the transcript are irrelevant to the appeal because no *Marsden* issue is presented.

*Discussion*

A postjudgment motion to withdraw a plea is an exceptional remedy and may be granted "'only upon a strong and convincing showing of the deprivation of legal rights by extrinsic causes." [Citation.]" (*People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1617.) Good cause must be shown by clear and convincing evidence. (*Ibid*.)

Appellant claims that he was forced to plead no contest when the trial court denied the *Marsden* motions on March 17, 2011 and May 2, 2011. Appellant, however, did not enter the change of plea until July 29, 2011, after he was advised that the maximum sentence was\eight years state prison, that he would be required to register as a sex offender, and that he could be prosecuted by the Navy. The change of plea colloquy clearly shows that appellant entered the plea knowingly, freely, voluntarily, and without duress.

A year later, at the July 9, 2012 hearing on the motion to withdraw the plea, appellant stated: "I signed the plea agreement, only because of a family issue that had just happened." Appellant blamed the change of plea on the victim, his attorney, the police, and the United States Navy. In a letter to the trial court, appellant wrote that the victim assaulted him at the party, "effectively kidnapping me in my disarmed state," and tried to lure him upstairs to her bedroom.

Appellant argues that the plea must be set aside because his attorney was not willing to proceed to trial with a credible "defense" that would prove appellant's innocence. "[C]ounsel is captain of the ship. . . . 'When the accused exercises his constitutional right to representation by professional counsel, it is counsel, not defendant, who is in charge of the case. By choosing professional representation, the accused surrenders all but a handful of "fundamental" personal rights to *counsel's* complete control of defense strategies and tactics.' [Citations.] It is for the defendant to decide such fundamental matters as whether to plea guilty . . . .' " (*In re Horton* (1991) 54 Cal.3d 82, 95.)

3

The trial court found that appellant freely and voluntarily entered the change of plea "without any force, coercion, or ambiguousness about it." We concur. When the change of plea was entered, appellant was asked "Are you sure you wish to do this?" Appellant responded, "Yes, sir." Appellant negotiated a very favorable plea in exchange for probation. The plea may not be withdrawn simply because appellant changed his mind. (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208; *People v. Knight* (1987) 194 Cal.App.3d 337, 344.) Nor has appellant shown that the denial of his motion to withdraw the plea was an abuse of discretion. (*People v. Shaw* (1998) 64 Cal.App.4th 492, 496.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

4

Bruce A. Young, Judge

Superior Court County of Ventura

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Suzan B. Hier, For Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.