Filed 5/16/13  P. v. Holman CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KAREN L. HOLMAN,<br><br>Defendant and Appellant. | A136657<br><br>(Sonoma County<br>Super. Ct. No. SCR616466) |

Counsel appointed for defendant Karen L. Holman has asked this court to independently examine the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436, to determine if there are any arguable issues that require briefing.  Defendant was apprised of her right to file a supplemental brief, but she did not do so.  We have conducted our review, and conclude there are no arguable issues.  We thus affirm.

Our examination[1] reveals that on the morning of April 11, 2012, 12-year-old B.J. was at his home in Santa Rosa, having stayed home from school because he was ill. B.J.'s uncle, who was staying with him, left to run an errand, leaving B.J. home alone.

While watching television in his mother's bedroom, B.J. heard his dogs barking, followed by a knock at the front door.  He left the bedroom and, peeking through a window, saw a woman he did not recognize standing outside the front door looking over her shoulder toward the street.  The woman was wearing a red sweatshirt, blue jeans, and black UGG-style boots.

---

[1] Because defendant entered into a negotiated plea agreement we derive the factual background from the probation report.

B.J. ran back to his mother's bedroom, opened the bedroom door and looked down the hallway, and saw the woman carrying his laptop computer out of the home. He looked outside the bedroom window facing the front driveway and saw the woman in a white vehicle. B.J. recorded the license plate number in his IPOD, and telephoned his mother, before calling 911 to report the incident. B.J. provided a detailed description of the woman to investigators. B.J. also described the stolen laptop as a black Hewlett Packard computer with a stain on it from a spilled drink, with a key missing from the keyboard.

A deputy conducted a records check on the license plate provided by B.J. and it revealed a white Volkswagen registered to defendant. The records check also showed defendant was on active parole for burglary, and lived approximately two blocks from the victim's home.

Later that same day, a deputy observed a white Volkswagen Passat driving eastbound near Calistoga Road bearing a license plate that matched the description provided by B.J. The deputy effected an enforcement stop and found defendant driving the vehicle, with her 16-year-old daughter in the passenger seat. Defendant immediately told the deputy she was not on parole anymore and asked why she was stopped. After further brief conversation, defendant became frustrated and asked the detective why they were asking her questions. Another detective arrived and told defendant that her vehicle and a female matching her description committed a burglary a short distance away. Defendant became upset and told the detective she was "off parole" and not in trouble any more. Defendant reiterated that she did not commit the burglary because she would be sent back to prison.

By felony complaint filed April 13, 2012, defendant was charged with one count of residential burglary (Pen. Code, § 459)[2] and one count of receiving stolen property (§ 496, subd. (a)). It was further alleged that defendant suffered a prior serious or violent felony under the Three Strikes Law (§ 1170.12) and a prior serious felony (§ 667,

---

[2] All further statutory references are to the Penal Code.

subd. (a)(1)).  On that same date, defendant pleaded not guilty and denied the special allegations.

On May 22, 2012, defendant changed her plea to no contest for both counts. Defendant further admitted the Three Strikes conviction and the prior serious felony conviction.  The plea was "open" with the court to "consider a probation report with all options."  Defendant acknowledged that her maximum exposure was 17 years state prison.

On August 29, 2012, defendant filed a formal request that the court strike her Three Strikes prior,   which the People had earlier opposed.

On September 10, 2012, the court first denied defendant's *Marsden* motion and motion to withdraw her plea,  and then denied the request to dismiss the Three Strikes prior.  Thereafter, defendant was sentenced to 13 years state prison calculated as follows: count 1 (§ 459), the middle term of four years doubled to eight years as a second striker; count 2 (§ 496, subd. (a)), the middle term of two years doubled but stayed under section 654; plus five years consecutive for the serious felony prior.  The court also imposed a restitution fine (§ 1202.4, subd. (b)), a parole revocation restitution fine (§ 1202.45), court security fee (§ 1465.8) and a $30 criminal conviction assessment.  (Gov. Code, § 70373.)

Defendant filed a timely notice of appeal.

## DISCUSSION

The scope of reviewable issues on appeal after a guilty plea is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings leading to the plea; guilt or innocence are not included.  (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896.)

"When a defendant is represented by counsel, the grant or denial of an application to withdraw a plea is purely within the discretion of the trial court after consideration of all factors necessary to bring about a just result.  [Citations.]  On appeal, the trial court's decision will be upheld unless there is a clear showing of abuse of discretion. [Citations.]"  (*People v. Shaw* (1998) 64 Cal.App.4th 492, 495-496; see also *People v.*

3

*Sandoval* (2006) 140 Cal.App.4th 111, 123; *People v. Holmes* (2004) 32 Cal.4th 432, 442-443.)  In the present case, the trial court did not abuse its discretion in denying defendant's motion to withdraw her plea on the day of sentencing.  The record supports the court's findings that defendant did not enter into the plea through mistake, ignorance, or inadvertence, and that defendant entered into the agreement willingly and with full understanding of the terms.  Defendant's change of plea thus complied with *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122.

Defendant was also represented by competent counsel who zealously guarded her rights and interests. The court's denial of the *Marsden* motion was not an abuse of discretion.  (See *People v. Jones* (2003) 29 Cal.4th 1229, 1245 ["We review a trial court's decision declining to relieve appointed counsel under the deferential abuse of discretion standard"].)

The sentence imposed was authorized by law.

Our independent review having found no arguable issues that require briefing, the judgment of conviction is affirmed.

 

                              _____

                              Richman, J.

We concur:

_____

Kline, P.J.

_____

Lambden, J.