Filed 10/29/13  P. v. Crum CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SHERI CRUM,<br><br>    Defendant and Appellant. | F065230<br><br>(Super. Ct. No. MCR039294)<br><br><br>**OPINION** |

-----

### THE COURT\*

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Eric Cioffi, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Robert J. Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Cornell, Acting P.J., Franson, J., and Peña, J.

Appellant, Sheri Crum, challenges the trial court's denial of her motion to withdraw her no contest plea. According to Crum, she was "on a host of medications" at the time of the plea, which adversely affected her ability to voluntarily and intelligently waive her trial rights. Crum alleges she demonstrated, by clear and convincing evidence, that there was good cause for permitting her to withdraw her plea. We disagree and affirm.

## STATEMENT OF THE FACTS AND CASE[1]

On February 9, 2010, while an inmate at Central California Women's Facility (CCWF), Crum and another inmate were seen putting their hands in the front of their pants. When ordered to show an officer what she had in her pocket, Crum withdrew a small container which had one Oxycodone and two Gabapentin pills inside. Oxycodone is a controlled substance.

On May 6, 2011, the day scheduled for her preliminary hearing, Crum pled no contest to unauthorized possession of Oxycodone in CCWF (Pen. Code, § 4573.6)[2] and she admitted three of six alleged prison priors (§ 667.5, subd. (b)). The plea was conditional, i.e., the case would be dismissed if Crum obeyed all laws and stayed off prison property for one year. If not, Crum faced a potential seven-year sentence. Crum initialed and signed a plea form and indicated she had no questions about the form. After questioning Crum, the trial court found there was a factual basis for the plea and that Crum had made a knowing, intelligent and voluntary waiver of rights and admission of the charges.

Soon after, Crum was arrested on an unrelated matter and, on May 31, 2011, convicted pursuant to a plea bargain of identity theft (§ 530.5, subd. (a)), committed May

---

[1] The facts underlying Crum's offenses are not at issue on appeal.

[2] All further statutory references are to the Penal Code unless otherwise stated.

20, 2011, in San Bernardino County. She was sentenced to two years, four months in prison on that case.

On December 23, 2011, Crum filed a motion to withdraw her May 6, 2011, plea. She made a renewed motion March 12, 2012, and, following a hearing on March 23, 2012, the motion was denied.

On April 13, 2012, the trial court found Crum in violation of the conditions of her May 6, 2011, plea, due to her San Bernardino County conviction. She was subsequently sentenced to the upper term of four years, plus one year for each of the three prison priors, for a total of seven years, to run concurrent to the San Bernardino County sentence.

## DISCUSSION

Crum contends that the trial court abused its discretion in denying her motion to withdraw her no contest plea, claiming she was under the influence of many medications and therefore her plea was not voluntary and intelligent. She also contends that the trial court erred in denying the motion because she provided clear and convincing evidence of newly discovered information which bolstered her defense to the charges, a defense she inadvertently and mistakenly did not consider under the circumstances. We disagree.

### *Background*

Crum filed a motion to withdraw her no contest plea entered May 6, 2011. New counsel had been appointed for purposes of the motion. In the motion, Crum alleged she had been taking numerous medications at the time of the plea and had not understood the deal she was making or the rights she was giving up at the time. In addition, according to Crum, she had learned since the plea that some of the inmates at CCWF had been given the wrong medications, facts she claimed were similar to the facts that led to the criminal charges filed against her. Had she known this information at the time, she would not have entered the plea.

3.

At the hearing on the motion to withdraw the plea, Crum testified that, on the day she was arrested in prison for possession of Oxycodone, she was given the medications by the prison staff. Crum was appointed counsel to represent her in the case and she told him she had been given the wrong medication that day and discussed possible defenses to the charge with him.

Crum also testified that she was taking medication on the day she entered the plea, which her attorney also knew at the time. She claimed in her declaration supporting the motion that she was on 13 medications, which caused drowsiness, loss of comprehension and depression, and made her feel like a "zombie." She did not remember all of the proceedings on the day she entered the plea. She remembered telling the trial court that she was not on any drugs on the day of the plea because she had been told to say that by her attorney. Although she had told her attorney she was taking drugs, he told her that, if she told the trial court that, she would have to undergo an "evaluation" and then come back to court, which was difficult for her to do. Crum testified that she had to take a bus from San Bernardino where she lived to Madera to get to court for her plea proceeding.

Crum testified that she did not specifically remember giving up certain rights on the day of the plea, although she was aware that, had she gone to trial, she would have had the right to testify about being given the wrong medication. Crum pled no contest because she was "scared," knowing it would be "the prison's word" against hers. Crum testified that she did not think a jury would believe her, so she took her attorney's advice and pled no contest. Crum claimed not to remember reading the plea form before initialing and signing it. Crum acknowledged that she had pled no contest in five of her six previous cases.

Crum alleged that, prior to the plea hearing, she did not know of the ongoing problems at CCWF regarding incorrect distribution of medications. When she later returned to CCWF, she talked to people and learned this was a "very common problem."

4.

Crum testified that, had she known of the ongoing problems, she would not have entered the no contest plea.

Porcia Chisom testified that she was a prisoner at CCWF and received medications there each morning and evening. She testified that she was given the wrong dosage of a medication on one occasion.

Rachel Davis testified that, as a prisoner at CCWF, she was given medicine monthly which she was allowed to take back to her cell. On two occasions she was given medicine which she had told the prison personnel she was allergic to.

Four other CCWF inmates testified they had received incorrect medications on two or three occasions.

Nathan Snider, a CCWF employee who had worked the "medication line" at CCWF five to seven years earlier, testified that, when medication is distributed to inmates, the inmate approaches a window, hands the nurse their identification card, and receives the medicine in a paper cup or hand. If the medication is a prescription medicine, the medicine is taken in the nurse's presence; if it is an over-the-counter medication, it can be taken back to the inmate's cell. Medications which can be taken back to the cell are given to the inmate in a clear plastic bag and labeled with the inmate's name, instructions, and expiration date. Inmates were required to keep the medication in the bag.

After argument, the trial court denied Crum's motion, noting that it personally recollected the plea proceedings in this case, including Crum's assurance that she was in possession of all her faculties; that her sound judgment was not impaired by the consumption of any drug or alcohol within the past 24 hours; that she had gone over her plea form and understood her rights; that she understood the conditions of the plea and what she needed to do to "stay out of trouble"; and that she had no questions about what was stated in the form. The trial court specifically remembered asking Crum about recent ingestion of any drugs or alcohol and Crum had stated that she had not done so. The trial

5.

court also noted that, twice during the hearing, Crum had asked the trial court a question. The trial court reasserted that, had it thought "in any way" that Crum had not understood what she was doing, it would not have accepted the plea.

As for counsel's argument that there was "new evidence" presented at the hearing concerning inmate errors in medication, the trial court found the evidence not credible, noting that no witness testified as to the time frame in which they claimed to have been given the wrong medications, and no witness testified that she had been given a prescription medication and allowed to take it back to the cell, which was Crum's defense claim at the hearing. The court stated, "I find that it's not [a] very credible defense." The trial court noted further that, had this been Crum's defense, it existed at the time of the plea and there was ample opportunity to investigate to discover supporting evidence. As such, it was not now a "new issue."

*Applicable Law and Analysis*

To be valid, the entry of a guilty plea must be intelligent and voluntary under the totality of the circumstances. (*People v. Howard* (1992) 1 Cal.4th 1132, 1177.) In other words, the plea must represent a voluntary and intelligent choice among the alternative courses of action open to the defendant. (*Ibid.*) Specifically, waivers of constitutional rights must be made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon that right. Such waivers must also be voluntary in the sense that they are the product of a free and deliberate choice rather than intimidation, coercion, or deception. (*People v. Collins* (2001) 26 Cal.4th 297, 305.)

A defendant may seek to withdraw a guilty plea before judgment has been entered upon a showing of good cause. (*People v. Sandoval* (2006) 140 Cal.App.4th 111, 123.) To establish good cause, the defendant must show by clear and convincing evidence that he or she was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment. (*Ibid.*) "'"[T]he withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice would be

6.

subserved by permitting the defendant to plead not guilty instead; and it has been held that the least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient cause to permit a change of plea from guilty to not guilty.'" [Citations.]" (*People v. Ramirez* (2006) 141 Cal.App.4th 1501, 1507.) A no contest plea is treated the same as a guilty plea for this purpose. (*Id.* at p. 1506.) The burden is on the defendant to present clear and convincing evidence that the ends of justice would be served by permitting a change of plea to not guilty. (*People v. Shaw* (1998) 64 Cal.App.4th 492, 496.)

Finality should be encouraged, and guilty pleas entered under a plea bargain should not be set aside lightly. (*People v. Weaver* (2004) 118 Cal.App.4th 131, 145-146.) The grant or denial of a motion to withdraw a plea is purely within the discretion of the trial court. (*People v. Sandoval, supra,* 140 Cal.App.4th at p. 123.) On appeal, the trial court's decision will be upheld unless there is a clear showing of abuse of discretion, i.e., the court exercised its discretion in an arbitrary, capricious or patently absurd manner resulting in a manifest miscarriage of justice. (*People v. Shaw, supra,* 64 Cal.App.4th at p. 496.)

Crum contends that she showed good cause to withdraw her plea in that she felt pressured by counsel to take the plea, that she was not thinking rationally due to the many medications she was taking, and she did not understand the plea. However, the record of the plea hearing does not support Crum's claim and, instead, supports the court's contrary conclusion. At the change of plea hearing, Crum repeatedly answered in the affirmative when asked if she understood the terms of the agreement. The trial court reviewed the plea form initialed and signed by Crum and then carefully questioned Crum on each part of the plea form, and each time Crum stated she had no concerns or questions. Crum stated she was aware of her rights and had discussed them with her attorney. Crum also stated she had discussed potential defenses with her attorney. Her attorney agreed with both of those statements. When asked whether she understood the consequences of the

7.

agreement, she stated, "Yeah. More trouble if I get in trouble." When specifically asked by the trial court whether she was currently on any medications or had recently consumed any drugs or alcohol, Crum said no.

At the hearing on the motion to withdraw the plea, the trial court specifically noted that it remembered the plea hearing and speaking with Crum. It is within the purview of the trial court to consider its own observations of the defendant in ruling on a motion to withdraw a plea. (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 918.) "The court may also take into account the defendant's credibility and his [or her] interest in the outcome of the proceedings." (*Ibid.*) Absent any contrary showing in the record, we defer to the trial court's assessment that Crum was fully cognizant at the change of plea hearing and credibility assessment rejecting Crum's contrary claims at the plea withdrawal hearing. (*Ibid.*) We also note that Crum is not new to the criminal justice system, having pled, by her own recollection, on five of her six prior convictions.

Under these circumstances, the trial court did not abuse its discretion in denying Crum's motion to withdraw her no contest plea. Crum did not establish, by clear and convincing evidence, that the exercise of her free judgment was overcome. Nor is there any indication in the record that Crum's plea was not voluntarily and intelligently made.

We also disagree with Crum's claim that the trial court abused its discretion in denying her motion to withdraw her plea based on newly discovered evidence. Crum indicated she wanted to plead no contest on May 6, 2011. She would have known at the time of her no contest plea about her alleged actual innocence, but made no mention of it. Information which was known or could have been discovered by diligent investigation before trial does not qualify as newly discovered evidence. (*In re Hall* (1981) 30 Cal.3d 408, 420.) It was not until after Crum committed another offense, and placed the generous conditions of her May 6, 2011, plea in jeopardy, that she filed the motion to withdraw her plea.

In addition, as noted by the trial court, at the motion to withdraw her plea, Crum's alleged exculpatory witnesses each testified that they had each been given, on occasion while an inmate, the incorrect medication. But, as noted by the trial court, none of the witnesses testified as to the time frame in which these incidents occurred, nor had any witness testified that they had been given a controlled substance and allowed to take it with them to their cell - the essence of Crum's new defense.

Based on the above, we cannot say that the trial court's denial of Crum's motion to withdraw her guilty plea was arbitrary, capricious or exceeded the bounds of reason. (*People v. Shaw, supra,* 64 Cal.App.4th at p. 496.) We discern no abuse of discretion.

## DISPOSITION

The judgment is affirmed.