Filed 10/28/21  P. v. Fickas CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN ANTHONY FICKAS,<br><br>    Defendant and Appellant. | H049001<br>(Monterey County<br>Super. Ct. No. 19CR007433) |

Appointed counsel for appellant John Anthony Fickas has filed a brief asking this court to review the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Fickas was advised of the right to file a supplemental brief, and he has filed a response that we have considered.  Finding no arguable error that would result in a disposition more favorable to Fickas, we affirm.

## I.    FACTS AND PROCEDURAL HISTORY

Jane Doe #1 met Fickas when she worked on his political campaign.[1]  She became intoxicated and Fickas drugged her, leading her to pass out.  When she awoke, he was sexually penetrating her.  Jane Doe #2 was 15 years old when she met Fickas, who was the husband of her math teacher.  Jane Doe #2 needed to complete community service

---

[1] These facts are drawn from the probation report prepared for Fickas's sentencing. The victims are referred to by pseudonyms to protect their privacy.

hours for her high school graduation, so she assisted Fickas on an election campaign. Fickas brought Jane Doe #2 to his house and gave her a drink. Jane Doe #2 then passed out. When she awoke Fickas's pants were unzipped. She later realized he had sodomized her. Jane Doe #4 met Fickas at a rabbit show. They jointly attended a show in San Francisco. Fickas gave her an alcoholic drink, and Jane Doe #4 blacked out. When she woke up, she was naked and realized she had been sexually assaulted. Jane Doe #8 first met Fickas through his wife, who was Jane Doe #8's math teacher. In addition, Fickas was Jane Doe #8's field hockey and track coach. Jane Doe #8 began to help Fickas on political campaigns. Fickas gave Jane Doe #8 alcohol and began a sexual relationship with her when she was 15 years old. Fickas had between seven and ten sexual encounters with Jane Doe #8 before she turned 18 years old and never asked for her consent to any of the sex acts. John Doe met Fickas when he was 14 years old, and Fickas was his high school football coach. Fickas gave John Doe alcohol. Fickas located a prostitute and forced John Doe to perform a sexual act with the prostitute.

Fickas was first charged by complaint on July 10, 2019. On January 22, 2021, Fickas was charged by amended information with rape by use of drugs (Jane Doe #1) (Pen. Code, § 261, subd. (a)(3); count 1),[2] rape of an unconscious person (Jane Doe #1) (§ 261, subd. (a)(4); count 2), oral copulation of an unconscious person (Jane Doe #1) (§ 288A, subd. (f); count 3), oral copulation by anesthesia or controlled substance (Jane Doe #1) (§ 288A, subd. (i); count 4); sexual penetration by a foreign object (Jane Doe #1) (§ 289, subd. (d); count 5), sexual penetration by a foreign object (Jane Doe #1) (§ 289, subd. (e); count 6), rape by use of drugs (Jane Doe #2) (§ 261, subd. (a)(3); count 7), rape of an unconscious person (Jane Doe #2) (§ 261, subd. (a)(4); count 8), sodomy of an unconscious victim (Jane Doe #2) (§ 286, subd. (f); count 9), sodomy by anesthesia or controlled substance (Jane Doe #2) (§ 286, subd. (i); count 10); rape by use of drugs

_____

[2] Unspecified statutory references are to the Penal Code.

(Jane Doe #4) (§ 261, subd. (a)(3); count 11), rape of an unconscious person (Jane Doe #4) (§ 261, subd. (a)(4); count 12), sodomy of an unconscious victim (Jane Doe #4) (§ 286, subd. (f); count 13), oral copulation of a person under 18 years of age (Jane Doe #8) (§ 288A, subd. (b)(1); count 14), forcible oral copulation (Jane Doe #8) (§ 288A, subd. (c)(2); count 15), sexual penetration by a foreign object (Jane Doe #8) (§ 289, subd. (a)(1); count 16), sexual penetration by a foreign object of a person under 18 years of age (Jane Doe #8) (§ 289, subd. (h); count 17), forcible oral copulation of a minor victim 14 years of age or older (Jane Doe #8) (§ 288A, subd. (c)(2)(C); count 18), sexual penetration by a foreign object of a minor victim over 14 years of age (Jane Doe #8) (§ 289, subd. (a)(1)(C); count 19), forcible oral copulation of a minor victim 14 years of age or older (Jane Doe #8) (§ 288A, subd. (c)(2)(C); count 20), sexual penetration by a foreign object of a minor victim over 14 years of age (Jane Doe #8) (§ 289, subd. (a)(1)(C); count 21), contacting a minor with intent to commit a sexual offense (John Doe) (§ 288.3, subd. (a); count 22), oral copulation of a person under 18 years of age (John Doe) (§ 288A, subd. (b)(1); count 23), and forcible oral copulation (John Doe) (§ 288A, subd. (c)(2); count 24).

On January 22, 2021 (the date of the filing of the amended information), Fickas initialed and signed a waiver of rights and plea form. He agreed to plead no contest to counts 1, 7, 11, 18, 19, and 23 of the amended information for a stipulated sentence of 28 years, 8 months imprisonment.[3] Fickas agreed that there was a factual basis for his plea. The plea form stated that Fickas had discussed each item on the form with his attorney, and Fickas understood the nature of the charges, his possible defenses, and the rights he was giving up by entering his plea. At the plea colloquy, the trial court asked Fickas, "Before signing and initialing the forms, did you discuss with your attorney the charges, possible defenses to the charges, your constitutional rights, and the consequences of your

---

[3] Fickas also pleaded no contest in another case, which is not at issue in this appeal.

change of plea?", and Fickas answered "Yes."  In addition, the trial court stated, "You've had sufficient time to talk about your case with your attorney—and I know this has gone on a long time, but you've also had a significant amount of time today to discuss this; is that correct?"  Fickas answered "Yes."  Fickas stated that he did not have any additional questions for his attorney or for the court.  Fickas pleaded no contest to counts 1, 7, 11, 18, 19, and 23.

The parties appeared in court on March 26, 2021, for the calendared sentencing hearing.  Fickas was represented by new counsel, because his former attorney had left the public defender's office.  At the outset of the hearing, Fickas's counsel indicated that Fickas wished to withdraw his plea and seek a new attorney under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).  The trial court set the matter for a *Marsden* hearing.

On March 30, 2021, the trial court conducted a hearing in closed session on Fickas's *Marsden* motion.  After hearing from Fickas and his counsel, the trial court denied the motion.  Fickas orally told the court that he wished to withdraw his plea.  The trial court did not explicitly deny Fickas's motion, but the court did not permit him to withdraw his plea.  The trial court set a date for the sentencing hearing.

At the sentencing hearing on April 2, 2021, Fickas waived his right to be personally present and appeared by video.  A number of the victims spoke at the hearing and described how the crimes had affected them and how Fickas had taken advantage of a position of trust.  Fickas stated he was sorry for everything that had taken place and wanted it "[to] be known" that he had attempted to withdraw his plea and prove his innocence.

The trial court denied probation and imposed a six-year sentence on count 1, a six-year consecutive sentence on count 7, a six-year consecutive sentence on count 11, a ten-year consecutive sentence on count 18, a ten-year concurrent sentence on count 19, and an eight-month consecutive sentence on count 23, for an aggregate term of imprisonment of 28 years and eight months.  The court awarded 679 days of custody credits.

4

The trial court ordered Fickas to pay a $10,000 fine (§ 1202.4, subd. (b)), a suspended $10,000 fine (§ 1202.45), a $1,310 fine (§ 290.3), a court operations assessment of $240 (§ 1465.8, subd. (a)(1)), a court facilities assessment of $180 (Gov. Code, § 70373), victim restitution to Jane Doe #8 in the amount of $2,520, victim restitution to the California Victim Compensation and Government Claims Board in the amount of $729, and restitution to Jane Does #2 and #4 in amounts to be determined by the court at a future date.

The court ordered Fickas to register as a sex offender for the rest of his life (§ 290) and to complete an AIDS test (§ 1202.1). The court issued 10-year criminal protective orders protecting Jane Doe #1, Jane Doe #2, and Jane Doe #4. The court dismissed all remaining charges.

Fickas requested and obtained a certificate of probable cause from the trial court based on the denial of his *Marsden* motion and his request to withdraw his plea. After receiving the notice of appeal, we appointed counsel to represent Fickas on appeal. Appellate counsel filed an opening brief stating the case and the facts but raising no specific legal issues. Counsel notified Fickas of his right to file written argument on his own behalf. We notified Fickas of his right to submit written argument.

In response, Fickas has submitted a letter to this court. In the letter under the heading "[a]rgument for appeal," Fickas asserts that he was under distress on the day he entered his change of plea. He had asked for more time to consider the offer, and his attorney said he could not have more time. After "reluct[an]tly" signing the plea form, Fickas was "sickened" that he "signed to something that [he] did not do" and requested that his public defender withdraw his plea. Fickas's public defender stated that she did not see a basis for withdrawal of his plea. Fickas asserts that he "just want[s] [his] chance to prove [his] innocence," and he is "an innocent man serving a prison sentence that [he] did not commit."

## II. ANALYSIS

We first consider the points raised by Fickas in his letter to this court.

A court may permit a guilty or no contest plea to be withdrawn "for good cause shown." (§ 1018; *People v. Archer* (2014) 230 Cal.App.4th 693, 702.) " ' "Good cause" means mistake, ignorance, fraud, duress or any other factor that overcomes the exercise of free judgment and must be shown by clear and convincing evidence.' " (*People v. Dillard* (2017) 8 Cal.App.5th 657, 665.) "A plea may not be withdrawn simply because a defendant has changed his or her mind." (*Ibid.*)

An appellate court reviews the denial of a motion to withdraw a plea for an abuse of discretion. (*People v. Patterson* (2017) 2 Cal.5th 885, 894.) The trial court's order "is final unless the defendant can show a clear abuse of that discretion." (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) "An abuse of discretion is found if the [trial] court exercises discretion in an arbitrary, capricious or patently absurd manner resulting in a manifest miscarriage of justice." (*People v. Shaw* (1998) 64 Cal.App.4th 492, 496.) We have reviewed the record on appeal. We perceive no abuse of discretion in the trial court's decision not to permit Fickas to withdraw his plea.

"When a defendant seeks substitution of appointed counsel pursuant to *People v. Marsden*, *supra*, 2 Cal.3d 118, 'the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of inadequate performance. A defendant is entitled to relief if the record clearly shows that the appointed counsel is not providing adequate representation or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result.' " (*People v. Taylor* (2010) 48 Cal.4th 574, 599.) "We review the denial of a *Marsden* motion for abuse of discretion. [Citation.] Denial is not an abuse of discretion 'unless the defendant has shown that a failure to replace counsel would substantially impair the defendant's right to assistance of counsel.' " (*Ibid.*) We have reviewed the transcript of

the *Marsden* hearing, as well as Fickas's letter to this court.  We conclude the trial court did not abuse its discretion in denying Fickas's request for new appointed counsel.

In addition to these points raised by Fickas, we have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106.  Concluding there is no arguable issue on appeal that would result in a disposition more favorable to Fickas, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

_____

Danner, J.

WE CONCUR:


_____

Greenwood, P.J.


_____

Wilson, J.


**H049001**
***People v. Fickas***