Filed 3/7/24  P. v. Casarez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C098325 |
| Plaintiff and Respondent, | (Super. Ct. No. LOD-CR-FE-2020-0008794) |
| v. | |
| ENRIQUE ESTEBAN CASAREZ, | |
| Defendant and Appellant. | |

This is an appeal from the trial court's denial of a motion by defendant Enrique Esteban Casarez to withdraw his plea of no contest to a violation of Penal Code section 288, subdivision (a), lewd and lascivious acts on a child under the age of 14.  Defendant argues the trial court erred in denying his motion because, when the court entered his plea, the pain from a leg injury and his alleged belief that he had to plead in order to get medical attention, rendered his plea involuntary.  Finding no abuse of discretion, we affirm.

1

## BACKGROUND

The San Joaquin County District Attorney charged defendant with a violation of Penal Code section 289, subdivision (a)(1)(B), sexual penetration with force on a person under 14 years of age (count 1), and a violation of Penal Code section 288, subdivision (a), lewd acts upon a child (count 2). On March 3, 2021, pursuant to a negotiated plea agreement, count 1 was dismissed, and defendant pled no contest to violating Penal Code section 288, subdivision (a), as charged in count 2. The factual basis for his plea was "defendant did willfully and unlawfully commit a lewd and lascivious act, specifically he touched the breasts and the vagina of the victim, . . . a child under the age of fourteen years, and he did so with the intent of arousing, appealing to, and gratifying the lusts, passions and sexual desires of said defendant."

At the beginning of the plea hearing, defense counsel indicated defendant had a leg injury that counsel would like to address "at some point." The court then proceeded with the plea. During the hearing, the court asked defendant 18 times if he understood what he was doing and each time he indicated he did. Additionally, the court asked defendant if "any promises or threats [have] been made to obtain your plea" and whether he was under the influence of anything, and defendant replied "[n]o, sir" to both questions. Thus, the court found "defendant knowingly, intelligentially, and voluntarily waived his constitutional rights and entered the plea, and finds him guilty of the charge," and the matter was set for sentencing.

The court then asked defense counsel if he needed to address anything else, and counsel indicated defendant was "suffering from a medical condition, an injury to his leg. He has some type of infection. I went to see him yesterday and he showed it to me. He's dripping pus and blood, it looked real bad." The court ordered jail medical to treat defendant's injury and adjourned proceedings.

Prior to sentencing, the court suspended proceedings, under Penal Code section 1368, for an evaluation of defendant's competency. On April 21, 2022, the court found

2

defendant competent and reinstated proceedings.  On defendant's motion, the court held a hearing on May 13, 2022, to decide whether to relieve defendant's trial counsel.[1]  At this hearing, defendant—who was not under oath—told the court that, before the plea, he had asked his attorney if they could come back another day because he was in pain from his leg injury.  Defendant also stated that, because of the pain, he was not able to "listen or comprehend what was going on in the courtroom," and he alleged that his lawyer led him to believe he had to "s[t]uck it up and take the plea deal" or he "would have to wait longer and not receive medical attention."  Defendant's attorney denied this claim, but the court appointed new defense counsel due to a conflict.

On February 22, 2023, defendant's new counsel filed a motion to withdraw the plea, arguing defendant was in such pain from his leg injury that his plea was not entered knowingly and intelligently.  At the hearing on the motion, counsel also argued that a cyst on defendant's brain had impaired his decisionmaking at the time of the plea.  Counsel argued that defendant, due to his pain and the cyst, may have "misinterpreted" his counsel's words to mean that "he would have to go through [with] the plea in order to get medical attention."

The court noted that, in defendant's competency evaluation, medical professionals determined that the cyst—which was not raised in the written motion—did not undermine defendant's understanding of or ability to participate in criminal proceedings.  Regarding defendant's leg injury, the court found it "significant" that it "wasn't mentioned until

---

[1]     Although this is labeled a *Marsden/Sanchez* hearing in the record, it was not truly a *Marsden/Sanchez* hearing because, as the trial court recognized, defendant's attorney was retained, not appointed.  (*People v. Marsden* (1970) 2 Cal.3d 118, 123; *People v. Sanchez* (2011) 53 Cal.4th 80, 87.)  "While we do require an indigent criminal defendant who is seeking to substitute one appointed attorney for another to demonstrate either that the first appointed attorney is providing inadequate representation [citations], or that he and the attorney are embroiled in irreconcilable conflict [citation], we have never required a *nonindigent* criminal defendant to make such a showing in order to discharge his *retained* counsel."  (*People v. Ortiz* (1990) 51 Cal.3d 975, 984.)

after the plea was taken, and . . . he didn't mention it to probation or to [the doctor] when he had the opportunity . . . to say . . . I wasn't feeling good and that's why I took this plea." The court also found it could be "impl[ied]" from the transcript of the plea hearing that defendant's counsel "didn't feel that the leg was an issue because he concurred in the waiver, specifically the rights waiver." Consequently, the court concluded defendant "understood what he was doing" and "made a knowing, voluntary waiver." Thus, the court denied the motion and sentenced defendant to a low term of three years.

Defendant filed a timely notice of appeal, and the superior court issued a certificate of probable cause.

## DISCUSSION

Under Penal Code section 1018, upon a defendant's motion prior to judgment, "the court may . . . for a good cause shown, permit the plea of guilty to be withdrawn." (Pen. Code, § 1018.) " 'Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea' under section 1018 [citation], and section 1018 states that its provisions 'shall be liberally construed . . . to promote justice.' " (*People v. Patterson* (2017) 2 Cal.5th 885, 894.) However, this "liberality . . . is to be applied in determining whether the established facts constitute the good cause required by the statute. It does not relieve the applicant from coming forward with requisite proof that the ends of justice will be subserved by permitting him to change his plea from guilty to not guilty. [Citation.]" (*People v. Brotherton* (1966) 239 Cal.App.2d 195, 201.) A defendant seeking to withdraw a guilty plea for good cause must present clear and convincing evidence in support of the claim. (Pen. Code, § 1018; *People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415-1416.) " 'Guilty pleas resulting from a bargain should not be set aside lightly and finality of proceedings should be encouraged.' [Citation.]" (*People v. Weaver* (2004) 118 Cal.App.4th 131, 146.)

A trial court's decision whether to grant or deny a motion to withdraw a guilty plea is squarely within the court's discretion. (*People v. Breslin, supra*, 205 Cal.App.4th

4

at p. 1416.)  Thus, the trial court's decision on such a motion is reviewed for abuse of discretion.  (*People v. Patterson, supra*, 2 Cal.5th at p. 894; *People v. Lopez* (2021) 66 Cal.App.5th 561, 574.)  "We accept the trial court's factual findings to the extent they are supported by substantial evidence.  [Citation.]"  (*Lopez*, at p. 574.)  Such a decision cannot be reversed unless the trial court exercised such discretion in an "arbitrary, capricious or patently absurd manner resulting in a manifest miscarriage of justice. [Citation.]"  (*People v. Shaw* (1998) 64 Cal.App.4th 492, 496.)  In exercising this discretion, "a trial court may take into consideration . . . any [factors] that bear on the defendant's state of mind at the time of the plea."  (*Patterson*, at p. 899.)  Such factors may include the court's "own observations of the defendant," as well as "the defendant's credibility and his interest in the outcome of the proceedings.  [Citations.]"  (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 918; see *Patterson*, at pp. 898-899.)

Here, defendant contends that the pain from his leg injury and lack of access to medical treatment was so significant that it overcame his free will and ability to voluntarily enter a plea.  The facts here are extremely analogous to those considered by the court in *People v. Ravaux, supra*, 142 Cal.App.4th 914.  In *Ravaux*, the defendant challenged his plea on the basis of a medical condition that was only brought up at the end of the plea hearing.  (*Id.* at p. 918.)  "The sole evidence that his judgment was affected . . . [was] Ravaux's own assertions in support of his motion to withdraw the plea. These assertions were contrary to the position he took under oath at the time the guilty plea was given."  (*Ibid.*)  The appellate court found that the trial court acted within its discretion when it denied a defendant's withdrawal motion based on its own recollection of the contested plea hearing, as well as a lack of credible evidence to the contrary. (*Ibid.*)

Similarly, here—to counter a defendant's claim regarding a medical condition that was unaddressed preplea—the trial court considered its own recollection of defendant's plea hearing.  The court found that the plea hearing—at which defendant assured the

5

same court 18 times that he understood what he was doing—supported the conclusion that the plea was voluntary.  The court also considered that defendant failed to "express[] concerns" about his leg at the time of his plea.  (*People v. Patterson, supra*, 2 Cal.5th at p. 899.)  Not once before, during, or soon after his plea hearing did defendant tell the court, or anyone else, that he was in too much pain to understand what was happening.

Also like in *Ravaux*, the trial court considered defendant's failure to present clear and convincing evidence in support of his motion to withdraw his plea.  (*People v. Ravaux, supra*, 142 Cal.App.4th at p. 918.)  A motion to withdraw a plea "must be supported by 'documentary or oral evidence, or both.'  [Citation.]  A defendant's failure to produce any support except unsworn statements is a factor in finding no abuse of discretion in rejection of the motion.  [Citations.]"  (*People v. Goldman* (1966) 245 Cal.App.2d 376, 380, disapproved on other grounds in *In re Smiley* (1967) 66 Cal.2d 606.)  Here, the only support for defendant's argument that his plea was a result of duress or coercion was his own unsworn statement at his change of counsel hearing that was contrary to his statements at the plea hearing.  (*Ravaux*, at p. 918.)  However, defendant did not offer sworn testimony at the hearing on the motion to withdraw his plea and he did not file a declaration in support of the motion.  In fact, defendant failed to provide any sworn declaration or testimony, medical records, or other evidence to support his motion and corroborate his self-serving claims about his injury and its effect on his mental state.  A defendant's unsworn, self-serving statement, without corroboration, is insufficient to warrant relief.  (*In re Alvernaz* (1992) 2 Cal.4th 924, 945; *People v. Goldman, supra*, 245 Cal.App.2d at p. 380; *People v. Brotherton, supra*, 239 Cal.App.2d at pp. 201-202.)

Finally, the court also considered defendant's competency report as evidence of "defendant's state of mind at the time of the plea."  (*People v. Patterson, supra*, 2 Cal.5th at p. 899.)  Defendant argues that, in doing so, the court erroneously conflated competency with voluntariness.  However, the record indicates no such error.  At the

6

hearing on the motion to withdraw the plea, defendant's counsel raised a new argument that was not raised in the written motion—that a cyst on defendant's brain may have affected his judgment at the plea hearing. To address this new argument, the court referred to defendant's competency reports, in which qualified medical experts determined the cyst did not significantly affect defendant's understanding of criminal proceedings. The medical professionals who authored the reports were more qualified to address the cyst's impact on defendant's mind than anyone else at the hearing, and defense counsel did not offer any contrary evidence from similarly qualified medical experts or medical reports. Therefore, the court properly considered the competency report as one factor in evaluating defendant's state of mind and the voluntariness of his plea.

Because the record contains substantial evidence that defendant's plea was voluntary, and because defendant failed to provide clear and convincing evidence to the contrary, the trial court did not abuse its discretion in denying the motion to withdraw.

## DISPOSITION

The trial court's order denying the motion to withdraw the plea is affirmed.

_____/s/_____
EARL, P. J.

We concur:


_____/s/_____
ROBIE, J.


_____/s/_____
MESIWALA, J.