Filed 1/8/16  P. v. Garcia CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067779 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD247262) |
| JESUS ZAMORA GARCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Frederic L. Link, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jesus Garcia was charged by information with deliberate and premeditated murder (Pen. Code, § 187, subd. (a)),[1] and it was specially alleged he was armed with a firearm (§ 12022, subd. (a)(1)) and personally used a firearm (§ 12022.5, subd. (a)) in connection

---

1    All statutory references are to the Penal Code.

with the murder.  The information also alleged the special circumstance of a killing by means of lying in wait.  (§ 190.2, subd. (a)(15).)  Garcia pleaded guilty to the charged offense, and admitted the personal use allegation, pursuant to a plea agreement in which he was to be sentenced to 29 years to life and the remaining allegations dismissed.

Prior to sentencing, Garcia moved to withdraw his guilty plea, claiming he did not understand the terms of the agreed sentence, and he would not have agreed to the plea had he understood (1) he would be required to serve 29 years before he was eligible for parole and (2) there was a possibility he would never receive parole.  The court denied the motion, and sentenced Garcia in accordance with the terms of the plea agreement.  Garcia filed a notice of appeal and requested a certificate of probable cause.  The trial court denied the request.

I

FACTS

Garcia's plea agreement stipulated the transcript of the preliminary examination showed he committed a deliberate and premeditated murder within the meaning of section 187, and personally used a firearm in connection with the murder within the meaning of section 12022.5, subdivision (a).  The transcript included evidence that, around 2:30 a.m. on March 15, 2001, the victim (who worked at the Nite Life club) escorted a bartender outside to her car at the end of the evening.  The bartender saw a man lurking near her car.  The victim started to approach the man (who was holding a gun), urging the gunman to calm down, but the gunman stated, "I'm going to shoot you"

2

and then fired three shots, killing the victim.  Many years later, an informant wearing a wire had a conversation with Garcia during which Garcia admitted he was at the Nite Life strip club when a bouncer was involved in a physical altercation with Garcia and his friends over Garcia touching a dancer, the bouncer threw them out of the club, and Garcia later came back and shot him.

On the second day of trial, Garcia and the People entered into the plea agreement. Before taking Garcia's plea, the trial court orally advised him of his constitutional rights and verified his signature on the plea form, asked if his plea was voluntary and made sure he was aware of the consequences of his plea.  After Garcia entered his plea and admitted all enhancement allegations, the court accepted the plea, dismissed the remaining charges and set a date for sentencing.

Before the sentencing hearing, Garcia wrote to the court claiming he received ineffective assistance of counsel and had been forced into agreeing to the plea bargain. The court relieved Garcia's first attorney and appointed a second attorney, who filed a motion to withdraw the plea, asserting Garcia knew trial was about to start and felt pressure to make a decision on the plea offered by the prosecution, and did not understand he would be required to serve 29 years before he was eligible for parole, being under the impression he would only have to serve 16 years before he would be eligible for parole.  Garcia also asserted he did not understand there was a possibility he would never receive parole.  He averred he would not have agreed to the plea agreement had he known the true facts.

The court denied Garcia's motion to withdraw the plea. The court found, based on all of the circumstances, Garcia "knew exactly what he was doing and when he was doing it," and knew he was facing life without the possibility of parole, and that his claim he did not understand the parameters of the agreement "lacks credibility."

Garcia filed a notice of appeal and, in an amended notice of appeal, requested a certificate of probable cause. In his support of his request, he averred he was "not aware he was going to do a life sentence [and] believed he would be released after 16 years." The court denied Garcia's request.

II

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Counsel identifies, as a possible issue, whether denial of Garcia's motion to withdraw his plea was an abuse of discretion, but presents no argument for reversal as to this claim.

We granted Garcia permission to file a supplemental brief on his own behalf, and in his supplemental response Garcia appears to assert he was denied effective assistance of counsel because his attorney did not conduct an adequate investigation of the facts before trial, and the absence of this investigation forced Garcia to accept the plea agreement.

4

A. *The Ineffective Assistance Claim*

Section 1237.5 provides "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." Generally, a defendant cannot challenge the validity of a plea of guilty absent a certificate of probable cause. (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1095.) There are two exceptions to section 1237.5: (1) an appeal from the denial of a motion to suppress, pursuant to section 1538.5; and (2) an appeal based solely on grounds occurring after entry of the plea that do not challenge its validity. (*People v. Panizzon* (1996) 13 Cal.4th 68, 75.) However, "a challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself. Therefore, it [is] incumbent upon [such a] defendant to seek and obtain a probable cause certificate in order to attack the sentence on appeal." (*Id*. at p. 79.) As was stated in *People v. Cole* (2001) 88 Cal.App.4th 850, 860, fn. 3, the "strict application of section 1237.5 works no undue hardship on defendants with potentially meritorious appeals. The showing required to obtain a certificate is not stringent. Rather, the test applied by the trial court is simply 'whether the appeal is clearly frivolous and vexatious or whether it involves an

honest difference of opinion.' [Citation.] Moreover, a defendant who files a sworn statement of appealable grounds as required by section 1237.5, but fails to persuade the trial court to issue a probable cause certificate, has the remedy of filing a timely petition for a writ of mandate. [Citations.] Thus, if he complies with section 1237.5, a defendant has ample opportunity to perfect his appeal. Since a guilty or no contest plea to a felony charge 'admits all matters essential to the conviction' [citations], it is not unreasonable to insist on such compliance in order to identify frivolous or vexatious appeals."

We conclude section 1237.5 bars review of Garcia's claim of ineffective assistance of counsel, because under section 1237.5, an appeal from a conviction predicated on a guilty plea requires a certificate of probable cause, and none was obtained here. " 'Notwithstanding the broad language of section 1237.5, it is settled that two types of issues may be raised in a guilty or nolo contendere plea appeal without issuance of a certificate: (1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed.' " (*People v. Richardson* (2007) 156 Cal.App.4th 574, 596.) Thus, absent a certificate of probable cause, "we can address his claim of ineffective assistance of counsel only if that claim relates to 'proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed.' " (*Ibid*.) Here, Garcia's claim of ineffective assistance of counsel relies on pre-plea actions or inactions, and obviously did not happen " 'subsequent to the plea for the purpose of determining the degree of the

6

crime and the penalty to be imposed.' " (*Ibid*.)  Rather, the "failure to investigate" (if any) necessarily happened before the plea.  Consequently, Garcia needed a certificate of probable cause for the ineffective assistance of counsel claim, which he does not have.  Accordingly, "[w]e cannot review this argument . . . because it is beyond the limited issues that are reviewable on appeal from a conviction following a guilty plea."  (*Ibid*.)  Garcia must pursue this claim through a petition for writ of habeas corpus.

B. *The Abuse of Discretion Claim*

Section 1018 provides, in pertinent part, "On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted."  "To establish good cause, it must be shown that defendant was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment.  [Citations.]  Other factors overcoming defendant's free judgment include inadvertence, fraud or duress."  (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.)  " ' "While . . . section [1018] is to be liberally construed and a plea of guilty may be withdrawn for mistake, ignorance, or inadvertence or any other factor overreaching defendant's free and clear judgment, the facts of such grounds must be established by clear and convincing evidence.  [Citations.]" '  [Citation.]  The burden is on the defendant to present clear and convincing

7

evidence the ends of justice would be subserved by permitting a change of plea to not guilty." (*People v. Shaw* (1998) 64 Cal.App.4th 492, 496.)

" 'When a defendant is represented by counsel, the grant or denial of an application to withdraw a plea is purely within the discretion of the trial court after consideration of all factors necessary to bring about a just result. [Citations.] On appeal, the trial court's decision will be upheld unless there is a clear showing of abuse of discretion. [Citations.]' [Citation.] 'Guilty pleas resulting from a bargain should not be set aside lightly and finality of proceedings should be encouraged.' " (*People v. Weaver* (2004) 118 Cal.App.4th 131, 146.) Although appellate counsel identified (as a possible issue) whether denial of Garcia's motion to withdraw his plea was an abuse of discretion, counsel presented no argument for reversal on this claim, but instead asks we review the record for error, as mandated by *People v. Wende, supra,* 25 Cal.3d 436 and *Anders v. California, supra,* 386 U.S. 738. After reviewing the entire record, we find no abuse of the trial court's discretion in its denial of Garcia's motion to withdraw his plea. Garcia argued only that he misunderstood the potential sentence under the plea agreement, a claim the trial court found lacking in credibility. Instead, the trial court found (and the record supports the conclusion) Garcia understood the plea agreement and suffered from nothing more than a case of buyer's remorse. The plea agreement called for a dismissal of some allegations, and a sentence substantially less than what he could have received if convicted of the charges, and the form Garcia initialed (as well as his oral statements at the time his plea was accepted) demonstrated he understood he would receive a 29-year-

8

to-life sentence.  Under these circumstances, it was not a clear abuse of discretion to deny Garcia's request to withdraw his plea.

A review of the record pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *Anders v. California, supra,* 386 U.S. 738 has disclosed no other reasonably arguable appellate issues, and Garcia has been competently represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

McDONALD, J.

WE CONCUR:

NARES, Acting P. J.

McINTYRE, J.

9