Filed 3/3/16  P. v. Villa CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DARRELL RAYMOND VILLA,<br><br>        Defendant and Appellant. | E064320<br><br>(Super.Ct.No. FVI1200312)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed.

Darrell Raymond Villa, in pro. per.; and Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea agreement, defendant and appellant Darrell Raymond Villa pled guilty to continuous sexual abuse of a child under the age of 14

1

(Pen. Code, § 288.5, subd. (a)).[1] Defendant also admitted that he had suffered one prior strike conviction for a 1997 burglary (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). In return, defendant was sentenced to a stipulated term of 24 years in state prison with credit for time served. Defendant appeals from the judgment, challenging the validity of the plea and admission based on ineffective assistance of counsel. We find no error and affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On February 2, 2012, the then 15-year-old victim reported that defendant, her biological father, had been sexually molesting her since the age of 10. She explained that her parents were separated, and that she spent time with her father almost every week at his home. Beginning when she was five years old and at defendant's house, defendant would come into her room and sleep next to her in her bed. Around age nine, defendant began putting his arms around her waist while they slept. Around age 10, defendant began putting his hands inside her pants, touching her vaginal area over her underwear. When she was about 12 or 13 years old, defendant began touching and rubbing her vaginal area with his hand, skin-to-skin. Defendant did not touch her breasts or penetrate her with his penis, but she described instances in which defendant placed his penis between her legs near her vagina. At times, the victim would shove defendant away,

_____

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The factual background is taken from the preliminary hearing.

2

retreat into her bedroom, and attempt to barricade her door to keep defendant out. However, defendant would force his way into the room and try to apologize, telling her she reminded him of her mother. Defendant told the victim not to tell her mother and to keep it between them.

During a pretext call, in which the victim called defendant and told him she was uncomfortable with the things he was doing to her, defendant apologized for his actions. He also told the victim that it would be okay if she needed to tell someone, but that he would get in a lot of trouble and go to jail.

Following a preliminary hearing, on February 4, 2014, an information was filed charging defendant with one count of continuous sexual abuse of a child under the age of 14 years (§ 288.5, subd. (a); count 1) and one count of committing a lewd and lascivious act upon a child (§ 288, subd. (c)(1); count 2). The information further alleged that defendant had suffered a prior serious felony conviction (§ 667, subd. (a)(1)) and a prior strike conviction for a 1997 burglary (§§ 667, subds. (b)- (i), 1170.12, subds. (a)-(d)).

On September 22, 2014, the People dismissed the prior serious felony conviction allegation because defendant was not sentenced to prison for that prior case. Thereafter, defendant accepted the People's plea offer, pled guilty to count 1, and admitted the prior strike conviction in exchange for a stipulated term of 24 years, the middle term of 12 years doubled due to the prior strike conviction, and dismissal of the remaining allegation. Prior to pleading guilty and admitting to the prior strike conviction, defendant acknowledged that he had read, understood, initialed, and signed the plea agreement

3

form; that he had sufficient time to discuss the charges, his rights, penalties, and future consequences with his attorney; that he understood the constitutional rights he was waiving; and that his credits for time served were 85 percent. Defendant also indicated that he had not been promised anything in return for his guilty plea; that he had not been forced or threatened into pleading guilty; and that he was not under the influence of alcohol, drugs, medication, or anything that would impair his judgment. Defendant's counsel acknowledged that he had discussed the issues with defendant and that he was satisfied defendant understood the plea. After directly examining defendant, the trial court found that defendant read and understood the plea form; that defendant understood the nature of the charges and the consequences of his plea; that the plea was entered into knowingly and intelligently; and that there was a factual basis for the plea.

On July 20, 2015, defendant filed a motion to withdraw his plea. He argued that, even though he had been given an opportunity to confer with his family and counsel prior to accepting the plea, he felt pressured into entering the plea and did so without a complete understanding of the case. He further claimed that his attorney failed to provide him with a copy of his discovery despite requesting the documents many times from his counsel; that his counsel failed to visit him in jail to discuss the merits of the case; that his counsel failed to consult with him and did so only briefly at court appearances; and that he had no real understanding of the merits of the People's case against him and what affirmative defenses he could present. Defendant also argued that counsel had promised him he would be eligible for half-time conduct credits pursuant to section 4019; that he

4

was confused when the court asked him whether he understood his credits were 85 percent; and that his counsel had advised him to plead guilty to benefit another client.

The People filed an opposition to defendant's motion on August 6, 2015, arguing defendant failed to show good cause for withdrawing his guilty plea or that his counsel was ineffective.

The court heard defendant's motion to withdraw his guilty plea on August 14, 2015. At that time, defendant testified that he had been represented by attorney Gene Bristoll for about two years and that attorney Bristoll had ignored his requests to meet with him in jail to discuss his case and obtain copies of discovery. He further stated that his attorney informed him he would receive 50 percent credit for time served; and that when he asked his attorney to explain those credits, his attorney told him not to worry about it because he would receive section 4019 credits as he had not been to prison before. He further claimed that he was not advised he would receive 85 percent for time served and that he did not recall initialing the box on the plea form specifying presentence credits would be per section 2933.1. Defendant admitted that he had read in the change of plea form that he would serve 24 years in state prison at 85 percent and that the trial court had asked him if he understood that at the time of the plea, but claimed he did not understand despite informing the court he did. Defendant also admitted that he indicated to the court he had sufficient time to discuss the case with his attorney, but stated that he felt pressured by his attorney to enter the guilty plea. Defendant also

testified that after the plea hearing, he heard his attorney comment to the deputy district attorney, " 'Now that I gave you Villa, you've got to give me these two other cases.' "

Attorney Bristoll testified that he had discussed the consequences of the plea with defendant several times; that during the entire length of the case, the offer had always been 24 years; and that he had tried to obtain a lower offer for defendant. He further stated that he had appeared with defendant at least 30 times in court; that he spoke with defendant each time; and that he had discussed the 24-year offer with defendant. Attorney Bristoll also explained that he had gone over the change of plea form with defendant line by line, including that he would serve 85 percent of the sentence since it was a serious and/or violent felony. Defendant indicated that he understood all of these terms, and if defendant had any questions, he would have taken more time with defendant. Attorney Bristoll further stated that defendant did not ask what kind of credits he would receive, but he believes he conferred with defendant as indicated on the plea form. Attorney Bristoll denied making the statement to the deputy district attorney about his other cases.

Following argument, the trial court denied defendant's motion to withdraw his guilty plea, finding the plea was entered into knowingly, intelligently, and voluntarily. Defendant was thereafter sentenced in accordance with the plea agreement to 24 years in state prison and awarded a total of 1,483 days of credits for time served.

On August 21, 2015, defendant filed a notice of appeal and request for certificate of probable cause, challenging the validity of the plea and admission based on ineffective

6

assistance of counsel and defense counsel's advisement defendant would receive half-time custody credits.  The trial court granted defendant's request for certificate of probable cause on the same day.

## II

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so.  In his two-page letter brief, defendant asks this court to reconsider his guilty plea, his denial of his motion to withdraw his guilty plea, and his prior strike conviction.  Defendant also argues that at the time of the crime he was not in his right state of mind due to drugs and alcohol and that he was going through hallucination and drug withdrawal.  He further argues that his attorney failed to address the case with him, gave him no advice or assistance, and failed to file a motion to strike his prior strike conviction.  Defendant's unsupported claims are unmeritorious.

Section 1018 provides, in pertinent part, "On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the court may, and in case of a defendant who appeared

7

without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (§ 1018.) "To establish good cause, it must be shown that defendant was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment. [Citations.] Other factors overcoming defendant's free judgment include inadvertence, fraud or duress." (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) " ' "While . . . section [1018] is to be liberally construed and a plea of guilty may be withdrawn for mistake, ignorance, or inadvertence or any other factor overreaching defendant's free and clear judgment, the facts of such grounds must be established by clear and convincing evidence. [Citations.]" ' [Citation.] The burden is on the defendant to present clear and convincing evidence the ends of justice would be subserved by permitting a change of plea to not guilty." (*People v. Shaw* (1998) 64 Cal.App.4th 492, 496.)

" 'When a defendant is represented by counsel, the grant or denial of an application to withdraw a plea is purely within the discretion of the trial court after consideration of all factors necessary to bring about a just result. [Citations.] On appeal, the trial court's decision will be upheld unless there is a clear showing of abuse of discretion. [Citations.]' [Citation.] 'Guilty pleas resulting from a bargain should not be set aside lightly and finality of proceedings should be encouraged.' " (*People v. Weaver* (2004) 118 Cal.App.4th 131, 146.) After reviewing the entire record, we find no abuse of the trial court's discretion in its denial of defendant's motion to withdraw his plea. The record supports the trial court's conclusion that defendant understood the plea agreement

8

and that the plea was entered into knowingly, intelligently, and voluntarily. Defendant suffered from nothing more than a case of buyer's remorse. The plea agreement called for a dismissal of an additional allegation, and a sentence substantially less than what he could have received if convicted of the charges, and the plea form defendant initialed (as well as his oral statements at the time his plea was accepted) demonstrated he understood he would receive a 24-year sentence with credits calculated under section 2933.1 or at 85 percent. Under these circumstances, it was not a clear abuse of discretion to deny defendant's request to withdraw his plea.

The record also shows that defendant received effective assistance of counsel. Defendants have a constitutional right to effective counsel in criminal cases. (*Gideon v. Wainwright* (1963) 372 U.S. 335.) The burden is on the defendant to prove he received ineffective assistance of counsel. To do so, the defendant must show counsel failed to act in a manner to be expected of a reasonably competent attorney and that counsel's acts or omissions prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 691-692.) Defendant failed to show either of these prongs.

We have reviewed the entire record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, including the matters raised in defendant's letter brief. We find no abuse of discretion in the trial court's denial of defendant's motion to withdraw his guilty plea. Nor do we find defendant received ineffective assistance of counsel. Furthermore, the record shows that defendant understood the consequences of his plea, and that he knowingly, intelligently, and voluntarily waived his rights.

9

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.